# FABIAN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Cr. No. <u>12-CR-20173-An/P</u> |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CLARENCE MUMFORD** | ) | 18 U.S.C. § 2 |
| **SAMUEL CAMPBELL** | ) | 18 U.S.C. § 1028(a)(2) |
| **DANTE DOWERS** | ) | 18 U.S.C. § 371 |
| **DARCEL GARDNER** | ) | 18 U.S.C. § 1028(a)(1) |
| **STEVE HOLMES** | ) | 18 U.S.C. § 1028(a)(5) |
| **VALERIE HUMPHREY** | ) | 18 U.S.C. § 1028(a)(7) |
| **CARLO MCCLELLAND** | ) | 18 U.S.C. § 1028A(a)(1) |
| **JACKLYN MCKINNIE** | ) | 18 U.S.C. § 1341 |
| **JADICE MOORE** | ) | 18 U.S.C. § 1343 |
| **CLARENCE MUMFORD, JR.** | ) | 42 U.S.C. § 408(a)(7)(B) |
| **SARAH RICHARD** | ) | |
| **JERYL SHAW** | ) | |
| **KIMBERLY TAYLOR** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SECOND SUPERCEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### INTRODUCTION

1.      At all times material herein:

a.      Educational Testing Service ("ETS") was a private nonprofit educational testing and assessment organization with headquarters in Princeton, New Jersey. One series of tests written and administered by ETS was the PRAXIS series, components of which are required by many states for individuals entering the teaching profession or for teachers obtaining subject-specific endorsements on their teaching licenses.

b.      Arkansas, Mississippi and Tennessee were among the states that required individuals entering the teaching profession and teachers obtaining subject-specific endorsements on their teaching licenses to take and pass PRAXIS examinations.

c.      In Arkansas, other than certain out-of-state teachers obtaining reciprocal licenses, participants in a temporary non-traditional licensure program, and professionals teaching a limited number of classes per day, teachers were required to take and pass PRAXIS examinations to be licensed.

d.      In Mississippi, other than certain out-of-state teachers obtaining reciprocal licenses, teachers were required to take and pass PRAXIS examinations to be licensed. In the past, Mississippi has issued temporary transitional/emergency licenses that did not require passage of PRAXIS examinations.

e.      In Tennessee, other than teachers who obtained their licenses prior to 1984, certain out-of-state teachers obtaining reciprocal licenses, and teachers using transitional licenses, teachers were required to take and pass PRAXIS examinations to be licensed.

f.      ETS charged fees to individuals who took the PRAXIS examinations. The results of the examination were relied upon by the Departments of Education in Arkansas, Mississippi and Tennessee for the issuance of licenses.

g.      Because Tennessee and Mississippi required an individual's social security number to process educator certification paperwork, individuals taking PRAXIS examinations were required to provide their social security numbers to ETS as part of the PRAXIS registration process. Because Arkansas required the last four digits of an individual's social security number to process educator certification paperwork, individuals taking PRAXIS examinations were required to provide the last four digits of their social security numbers to ETS as part of the PRAXIS registration process.

h.      ETS owned copyrights in the PRAXIS examinations and questions, and the registered trademark, "PRAXIS," as used on the examinations and score reports. ETS also developed specialized test administration and scoring services for the PRAXIS examinations. To keep its PRAXIS product exclusive, secure and confidential, ETS

2

restricted access to and use of its copyrighted PRAXIS examinations and questions and trademarked PRAXIS score reports, as well as its PRAXIS test administration and scoring services.

i.      Individuals taking the PRAXIS examination tests registered for the tests online. The registration process therefore involved wire communications from the computers at which registrants registered with ETS in Princeton, New Jersey.

j.      Individuals taking the PRAXIS examination tests signed confidentiality statements certifying that the person taking the test was the person whose name and address was used in the application process. In addition, those taking the test agreed to maintain the full confidentiality of all test questions and agreed not to reproduce and/or disclose any test question to anyone. Individuals unwilling to agree to these conditions would not be permitted to take an examination. Each individual taking a PRAXIS was also required to present his or her driver's license at the test-taking center.

k.      Once an exam was completed, exam results were wired from the test location in Arkansas, Mississippi or Tennessee to ETS in Princeton, New Jersey for processing. The individuals in whose name the exams were registered obtained their scores either via a score report mailed to them by ETS or via interstate wire communication through use of the internet.

l.      ETS developed substantial goodwill from development and administration of the PRAXIS examinations, some of which was based on the integrity of the testing processes. ETS had property interests in the PRAXIS product, including (i) materials bearing its trademarks, such as the PRAXIS examinations and score reports, (ii) its copyrighted materials, such as the PRAXIS examinations and their questions, and (iii) the ETS-specified test administration and scoring services for the PRAXIS examinations. ETS also had property interests in the value of its goodwill, which is an asset of ETS and is based, in part, on maintaining the integrity of the testing and security process.

m.    Tennessee teachers' licenses, issued by the Tennessee Department of Education, provided licensees with access to substantial economic benefits. In addition to their salaries, Tennessee teachers obtained coverage under the Tennessee Consolidated Retirement System, which provided retirement, disability and survivor benefits.

n.    Arkansas teachers' licenses, issued by the Arkansas Department of Education, provided licensees with access to substantial economic benefits. In addition to their salaries, Arkansas teachers obtained coverage under the Arkansas Teacher Retirement System, which provided retirement, age and service, disability, survivor and purchasing service credit benefits.

o.    Mississippi teachers' licenses, issued by the Mississippi Department of Education, provided licensees with access to substantial economic benefits. In addition to their salaries, Mississippi teachers obtained coverage under the Public Employees' Retirement System of Mississippi, which provides retirement, disability, and survivor benefits.

p.    Possession of a teacher's license enabled licensees to contract with school districts. The school districts' contracts had economic value to the contracting districts and to the teachers who contracted with them.

## COUNT 1

## THE CONSPIRACY

1.     Beginning in or about January 1995, the exact date being unknown to the Grand Jury, and continuing until at least on or about July 8, 2010, in the Western District of Tennessee, and elsewhere, the defendant,

-------------------------------------------------- CLARENCE MUMFORD --------------------------------------------

did unlawfully, willfully and knowingly combine, conspire, confederate and agree with Memphis City Schools employees and/or former employees hereinafter identified as "JB", "FK", "CS", and "SS", and with other persons known and unknown to the Grand Jury, to commit offenses against the United States, that is:

a.     To use and cause to be used the United States mail in furtherance of a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1341;

b.      To use and cause to be used interstate wire communications in furtherance of a scheme and artifice to defraud and for obtaining money or property by means of false or fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1343;

c.     Producing an identification document, authentication feature, or false identification document without lawful authority, in violation of Title 18, United States Code, Section 1028(a)(1);

d.     Transferring an identification document, authentication feature, or a false identification document knowing that the document or feature was produced without lawful authority, in violation of Title 18, United States Code, Section 1028(a)(2);

e.     Producing, transferring or possessing a document-making implement or authentication feature with the intent such document-making implement or authentication

5

feature will be used in the production of a false identification document, in violation of Title 18, United States Code, Section 1028(a)(5);

f.      Transferring, possessing or using, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law; in violation of Title 18, United States Code, Section 1028(a)(7);

g.      During and in relation to the commission of violations of Title 18, United States Code, Sections 1341, 1343, 1028(a)(1), 1028(a)(2) and 1028(a)(5); knowingly transferring, possessing, and using, without lawful authority, a means of identification of another person, in violation of Title 18, United States Code, Section 1028A(a)(1); and

h.      Falsely representing a Social Security number to be assigned to a person other than the person to whom the number is truly assigned, with intent to deceive, for the purpose of obtaining any payment or any other purpose, in violation of Title 42, United States Code, Section 408(a)(7)(B).

## OBJECTS OF THE CONSPIRACY

2.      The objects of the conspiracy are set forth as follows:

a.      It was an object of the conspiracy to defraud ETS of property by obtaining access to and use of ETS's trademarked materials, copyrighted materials and services, by obtaining ETS's official score report, and by obtaining the benefit of, and undermining, ETS's goodwill and the value of its trademark and copyright.

b.      It was an object of the conspiracy to defraud the Arkansas, Mississippi and Tennessee Departments of Education of licensing materials by falsely representing to the said Departments of Education that teachers and aspiring teachers seeking licenses and endorsements on teaching licenses had, in fact, passed required PRAXIS

examinations when, as **DEFENDANT CLARENCE MUMFORD** then well knew, the teachers and aspiring teachers had not passed the required examinations.

c.      It was an object of the conspiracy to defraud local school districts in Arkansas, Mississippi and Tennessee by falsely representing to the school districts that teachers using **DEFENDANT CLARENCE MUMFORD'S** services had passed PRAXIS examinations and were properly licensed and thereby causing school districts to enter into contractual relationships with individuals who had not, in fact, passed PRAXIS examinations and were not, in fact, properly licensed.

d.      It was an object of the conspiracy to produce false identification documents without lawful authority; and to transfer identification documents, authentication features and false identification documents knowing they were produced without lawful authority; and to transfer and possess authentication features knowing they would be used in production of a false identification document; and to transfer, possess and use means of identification of other persons, knowingly and with intent to commit, and to aid and abet, and in connection with activities constituting violations of federal law.

e.      It was an object of the conspiracy for test-takers to use the social security numbers of individuals who had negotiated with **DEFENDANT CLARENCE MUMFORD** to have tests taken as part of the PRAXIS registration process to register for the PRAXIS examinations.

f.      It was a principle object and purpose of the conspiracy to carry out and to execute the above-listed objects of the conspiracy for the ultimate personal gain, benefit, profit, advantage, and accommodation of **DEFENDANT CLARENCE MUMFORD** and his co-conspirators.

## MANNER AND MEANS OF THE
## CONSPIRACY AND SCHEME TO DEFRAUD

3.    The manner and means by which the conspiracy and the scheme and artifice to defraud

functioned is more particularly set forth as follows:

a.    It was part of the conspiracy and the scheme and artifice to defraud that

**DEFENDANT CLARENCE MUMFORD** was an individual to whom teachers or

individuals aspiring to be teachers who were – and/or believed they were – unable to

pass PRAXIS examinations could go to arrange for another individual to take PRAXIS

examinations on behalf of each teacher or aspiring teacher. Teachers and aspiring

teachers in schools in Memphis and Shelby County, as well as in Arkansas and in

Mississippi, made use of **DEFENDANT CLARENCE MUMFORD'S** services.

b.    It was further part of the conspiracy and the scheme and artifice to defraud that

**DEFENDANT CLARENCE MUMFORD** directed teachers or individuals aspiring to be

teachers to provide **DEFENDANT CLARENCE MUMFORD** with their driver's' licenses,

often through the United States mail. **DEFENDANT CLARENCE MUMFORD** paid co-

conspirators JB, FK, CS and SS and other individuals to take tests on behalf of the

teachers or aspiring teachers (hereinafter "test-takers"), and obtained the test-takers'

driver's licenses as well. **DEFENDANT CLARENCE MUMFORD** then created fraudulent

driver's licenses with the information of a teacher or aspiring teacher and a

superimposed or otherwise attached photograph of a test-taker.

c.    It was further part of the conspiracy and the scheme and artifice to defraud that

**DEFENDANT CLARENCE MUMFORD** gave the teachers or aspiring teachers

instructions regarding when and where to register for the PRAXIS examination for which

the teacher or aspiring teacher sought a passing score. Sometimes **DEFENDANT**

**CLARENCE MUMFORD** completed the registration for the teacher or aspiring teacher.

The registration was done online. **DEFENDANT CLARENCE MUMFORD** sometimes

used his credit card or otherwise instructed the teacher or aspiring teacher to use his credit card to pay the registration fee for the teacher or aspiring teacher. **DEFENDANT CLARENCE MUMFORD** also sometimes used his electronic mail address or otherwise instructed the teacher or aspiring teacher to use his electronic mail as the contact electronic mail address during the PRAXIS registration process.

d.      It was further part of the conspiracy and the scheme and artifice to defraud that the teacher or aspiring teacher's social security number was used in the PRAXIS registration process. Often, **DEFENDANT CLARENCE MUMFORD** instructed teachers or aspiring teachers to send him the teacher's or aspiring teacher's social security number along with the teacher's or aspiring teacher's driver's license, if the driver's license did not contain a social security number. The score reports mailed by ETS contained the social security numbers of the teachers or aspiring teachers.

e.      It was further part of the conspiracy and the scheme and artifice to defraud that **DEFENDANT CLARENCE MUMFORD** directed the teacher or aspiring teacher to pay him for his services. Payments fell in ranges varying from approximately $1,500 per test to approximately $3,000 per test, depending on what test and the time frame in which the test was taken. The payments were sometimes in the form of cash and, more often, in the form of cashier's checks or money orders. Sometimes the payments were hand delivered, but most often **DEFENDANT CLARENCE MUMFORD** directed the teacher or aspiring to teacher to send the payment via United States mail. **DEFENDANT CLARENCE MUMFORD** obtained tens of thousands of dollars from teachers and aspiring teachers during the course of the conspiracy.

f.      It was further part of the conspiracy and the scheme and artifice to defraud that **DEFENDANT CLARENCE MUMFORD** paid the test-takers for their services.

g.      It was further part of the scheme and artifice to defraud that test-takers would appear at the test sites, which were located in Arkansas, Mississippi and Tennessee,

and falsely identify themselves as individuals in whose names the registrations for the tests were completed.

h.     It was further part of the scheme and artifice to defraud that the test-taker, posing as the individual in whose name the registration for the test was completed, would then sign the confidentiality statement in the name of the person whose name and address was used in the application process.

i.     It was further part of the scheme and artifice to defraud that, once the examination was processed, the results were mailed to a location controlled by **DEFENDANT CLARENCE MUMFORD** or to one of his co-conspirators in Arkansas, Mississippi or Tennessee.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

4.     At all times hereinafter mentioned, during the pendency of the conspiracy, the following overt acts were engaged in, in the Western District of Tennessee and elsewhere, at least one of which furthered and effected the goals of said combination, conspiracy, confederation and agreement:

a.     Overt acts related to **DEFENDANT JACKLYN MCKINNIE** include the following acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|:---:|:---:|:---|
| 1 | 10.24.2007 | Sometime in approximation to but before this date, **DEFENDANT JACKLYN MCKINNIE** or someone acting on her behalf registered online for a PRAXIS examination to be taken on November 17, 2007 in her name by a test-taker sent by **DEFENDANT CLARENCE MUMFORD**. The registration involved the use of **DEFENDANT JACKLYN MCKINNIE's** social security number. |
| 2 | 11.17.2007 | Sometime in approximation to but before this date, **DEFENDANT CLARENCE MUMFORD** obtained JB's and **DEFENDANT JACKLYN MCKINNIE's** driver's licenses. **DEFENDANT CLARENCE MUMFORD** used the driver's licenses to create a false |

| | | identification with **DEFENDANT JACKLYN MCKINNIE's** name and identifying information, and JB's photograph. |
|---|---|---|
| 3 | 11.17.2007 | JB took a PRAXIS examination on behalf of **DEFENDANT JACKLYN MCKINNIE..** To take the examination, JB presented a driver's license with his own picture and **DEFENDANT JACKLYN MCKINNIE's** name and identifying information. |

b.      **DEFENDANT CLARENCE MUMFORD, JR.** include the following acts on or

about the dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 4 | 01.12.2008 | Sometime in approximation to but before this date, **DEFENDANT CLARENCE MUMFORD, JR.** or someone acting on his behalf registered online for a PRAXIS examination to be taken on January 12, 2008 in his name by a test-taker sent by **DEFENDANT CLARENCE MUMFORD.** The registration involved the use of **DEFENDANT CLARENCE MUMFORD, JR.'s** social security number. |
| 5 | 01.12.2008 | Sometime in approximation to but before this date, **DEFENDANT CLARENCE MUMFORD** obtained JB and **DEFENDANT CLARENCE MUMFORD, JR.'s** driver's licenses. **DEFENDANT CLARENCE MUMFORD** used the driver's licenses to create a false identification with **DEFENDANT CLARENCE MUMFORD, JR.'s** name and identifying information, and JB's photograph. |
| 6 | 01.12.2008 | JB took a PRAXIS examination on behalf of **DEFENDANT CLARENCE MUMFORD, JR..** To take the examination, JB presented a driver's license with his own picture and **DEFENDANT CLARENCE MUMFORD, JR.'s** name and identifying information. |
| 7 | 06.29.2011 | **DEFENDANT CLARENCE MUMFORD** and **DEFENDANT CLARENCE MUMFORD, JR.** caused the mailing of teacher licensure application documents by the Memphis City Schools to the Tennessee Department of Education regarding **DEFENDANT CLARENCE MUMFORD, JR's** Tennessee licensing. |

c.  Overt acts related to **DEFENDANT CARLO MCCLELLAND** include the following

acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 8 | 01.18.2008 | An individual referred to hereinafter as LW prepared a check in the amount of $1,630.00 that was provided to **DEFENDANT MUMFORD** and deposited into **DEFENDANT MUMFORD'S** SunTrust bank account as payment on behalf of **DEFENDANT CARLO MCCLELLAND.** |
| 9 | 01.28.2008 | JB took a PRAXIS Pre-Profession Skills Test: Writing examination on behalf of CM2. |
| 10 | 02.05.2008 | LW obtained a United States Postal Service Money Order in the amount of $500.00 that was provided to **DEFENDANT MUMFORD** and deposited into **DEFENDANT MUMFORD'S** SunTrust bank account as payment on behalf of **DEFENDANT CARLO MCCLELLAND.** |
| 11 | 02.14.2009 | LW obtained a United States Postal Service Money Order in the amount of $450.00 that was provided to **DEFENDANT MUMFORD** and deposited into **DEFENDANT MUMFORD'S** SunTrust bank account as payment on behalf of **DEFENDANT CARLO MCCLELLAND.** |
| 12 | 02.14.2009 | LW obtained a United States Postal Service Money Order in the amount of $1,000.00 that was provided to **DEFENDANT MUMFORD** and deposited into **DEFENDANT MUMFORD'S** SunTrust bank account as payment on behalf of **DEFENDANT CARLO MCCLELLAND.** |
| 13 | 03.06.2009 | LW obtained a United States Postal Service Money Order in the amount of $250.00 that was provided to **DEFENDANT MUMFORD** and deposited into **DEFENDANT MUMFORD'S** SunTrust bank account as payment on behalf of **DEFENDANT CARLO MCCLELLAND.** |
| 14 | 03.06.2009 | LW obtained a United States Postal Service Money Order in the amount of $1,000.00 that was provided to **DEFENDANT MUMFORD** and deposited into **DEFENDANT MUMFORD'S** SunTrust bank account as payment on behalf of **DEFENDANT CARLO MCCLELLAND.** |

| 15 | 03.14.2009 | A test-taker sent by **DEFENDANT CLARENCE MUMFORD** took a PRAXIS Special Education examination on behalf of **DEFENDANT CARLO MCCLELLAND**. |
| 16 | 04.25.2009 | A test-taker sent by **DEFENDANT CLARENCE MUMFORD** took a PRAXIS Elementary Education examination on behalf of **DEFENDANT CARLO MCCLELLAND**. |

    d.      Overt acts related to **DEFENDANT KIMBERLY TAYLOR** include the following

acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 17 | 01.10.2009 | Sometime in approximation to but before this date, **DEFENDANT KIMBERLY TAYLOR** or someone acting on her behalf registered online for a PRAXIS examination to be taken on January 10, 2009 in her name by SS. The registration involved the use of **DEFENDANT KIMBERLY TAYLOR's** social security number. |
| 18 | 01.10.2009 | SS took a PRAXIS examination on behalf of **DEFENDANT KIMBERLY TAYLOR**. |
| 19 | 03.14.2009 | Sometime in approximation to but before this date, **DEFENDANT KIMBERLY TAYLOR** or someone acting on her behalf registered online for a PRAXIS examination to be taken on March 14, 2009 in her name by SS. The registration involved the use of **DEFENDANT KIMBERLY TAYLOR's** social security number. |
| 20 | 03.14.2009 | SS took a PRAXIS examination on behalf of **DEFENDANT KIMBERLY TAYLOR**. |

    e.      Overt acts related to an individual referred to hereinafter as "FT" include

the following acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 21 | 12.02.2009 | FT met with **DEFENDANT DANTE DOWERS** and provided **DEFENDANT DANTE DOWERS** with several blank money orders from Heritage Banking |

| | | Group in a total amount of $3,580 along with FT's Social Security Number, date of birth and address. |
|---|---|---|
| 22 | 07.08.2010 | FT or someone acting on FT's behalf registered online for a PRAXIS examination to be taken on July 8, 2010 in FT's name by JB, sent by **DEFENDANT CLARENCE MUMFORD**. The registration involved the use of FT's social security number. |
| 23 | 07.08.2010 | Sometime in approximation to but before this date, FT provided his driver's license to **DEFENDANT DANTE DOWERS**, who provided the driver's license to **DEFENDANT CLARENCE MUMFORD.** |
| 24 | 07.08.2010 | JB took a PRAXIS examination on behalf of FT. To take the examination, JB presented a driver's license with his own picture and FT's name and identifying information. |
| 25 | 09.17.2010 | Sometime before this date, **DEFENDANT CLARENCE MUMFORD** obtained FT's and **DEFENDNAT STEVE HOLMES'** driver's licenses. **DEFENDANT CLARENCE MUMFORD** used the driver's licenses to create a false identification with FT's name and identifying information, and **DEFENDANT STEVE HOLMES'** photograph. |

f.     Overt acts related to an individual referred to hereinafter as "DA" include

the following acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 26 | 01.20.2009 | DA obtained a cashier's check in the amount of $2,700.00 that was provided to **DEFENDANT CLARENCE MUMFORD** and deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 27 | 04.25.2009 | DA or someone acting on DA's behalf registered online for a PRAXIS examination to be taken on April 25, 2009 in DA's name by a test-taker sent by **DEFENDANT CLARENCE MUMFORD**. The registration involved the use of DA's social security number. |
| 28 | 04.25.2009 | A test-taker hired by **DEFENDANT CLARENCE MUMFORD** took a PRAXIS examination on behalf of DA. |

| 29 | 12.07.2009 | DA obtained a bank check in the amount of $1,500.00 that was provided to **DEFENDANT CLARENCE MUMFORD** and deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
|----|------------|------|
| 30 | 12.29.2009 | DA sent a mailing to **DEFENDANT CLARENCE MUMFORD.** |
| 31 | 01.09.2010 | Sometime in approximation to but before this date, DA or someone acting on DA's behalf registered online for a PRAXIS examination to be taken on January 9, 2010 in DA's name by a test-taker sent by **DEFENDANT CLARENCE MUMFORD.** The registration involved the use of DA's social security number. |
| 32 | 01.09.2010 | Sometime in approximation to but before this date, **DEFENDANT CLARENCE MUMFORD** obtained FK and DA's driver's licenses. **DEFENDANT CLARENCE MUMFORD** used the driver's licenses to create a false identification with DA's name and identifying information, and FK's photograph. |
| 33 | 01.09.2010 | FK took a PRAXIS examination on behalf of DA. To take the examination, FK presented a driver's license with her own picture and DA's name and identifying information. |
| 34 | 02.03.2010 | DA obtained a Commercial Bank personal money order in the amount of $200.00 that was provided to **DEFENDANT CLARENCE MUMFORD** and deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 35 | 02.03.2010 | DA obtained a bank check in the amount of $1,300.00 that was provided to **DEFENDANT CLARENCE MUMFORD** and deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |

g.    Overt acts related to an individual referred to hereinafter as "JH" include the following acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|---------------|------|-----|
| 36 | 01.26.2009 | JH obtained a bank check in the amount of $2,700.00 that was provided to **DEFENDANT CLARENCE MUMFORD** and deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |

| Overt Act No. | Date | Act |
|---|---|---|
| 37 | 04.25.2009 | JH or someone acting on JH's behalf registered online for a PRAXIS examination to be taken on April 25, 2009 in JH's name by a test-taker sent by **DEFENDANT CLARENCE MUMFORD**. The registration involved the use of JH's social security number. |
| 38 | 04.25.2009 | Sometime in approximation to but before this date, **DEFENDANT CLARENCE MUMFORD** obtained SS and JH's driver's licenses. **DEFENDANT CLARENCE MUMFORD** used the driver's licenses to create a false identification with JH's name and identifying information, and SS's photograph. |
| 39 | 04.25.2009 | SS took a PRAXIS examination on behalf of JH. To take the examination, SS presented a driver's license with her own picture and JH's name and identifying information. |
| 40 | 12.14.2009 | JH obtained a bank check in the amount of $1,500.00 that was provided to **DEFENDANT CLARENCE MUMFORD** and deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 41 | 12.30.2009 | JH mailed her driver's license, social security number, and PRAXIS admission ticket to **DEFENDANT CLARENCE MUMFORD.** |

h.     Overt acts related to an individual referred to hereinafter as "FJ" include the following acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 42 | 11.08.2008 | Sometime in approximation to but before this date, **DEFENDANT CLARENCE MUMFORD** obtained SS and FJ's driver's licenses. **DEFENDANT CLARENCE MUMFORD** used the driver's licenses to create a false identification with FJ's name and identifying information, and SS's photograph. |
| 43 | 11.12.2008 | On or about this date, SS attempted to take a PRAXIS examination on behalf of FJ, but test monitors detected that SS was not FJ. The phone number listed on the registration forms was **DEFENDANT CLARENCE MUMFORD'S** phone number. The registration was paid for with **DEFENDANT CLARENCE MUMFORD'S** credit card number. |
| 44 | 01.02.2009 | FJ or someone acting on FJ's behalf registered online |

| | | for a PRAXIS examination to be taken on January 10, 2009 in FJ's name by a test-taker sent by **DEFENDANT CLARENCE MUMFORD**. The registration involved the use of FJ's social security number. |
|---|---|---|
| 45 | 01.10.2009 | A test-taker hired by **DEFENDANT CLARENCE MUMFORD** took a PRAXIS examination on behalf of FJ. |
| 46 | 02.27.2009 | FJ prepared a personal bank check in the amount of $500.00 that was provided to **DEFENDANT CLARENCE MUMFORD** and deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 47 | 04.10.2009 | FJ sent a mailing to **DEFENDANT CLARENCE MUMFORD**. |

i.     Overt acts related to **DEFENDANT DARCEL GARDNER** include the following acts on or about the dates listed below:

| | | |
|---|---|---|
| 48 | 04.15.2009 | **DEFENDANT DARCEL GARDNER** registered online for a PRAXIS examination to be taken on April 25, 2009 in **DEFENDANT DARCEL GARDNER's** name by a test-taker sent by **DEFENDANT CLARENCE MUMFORD**. The registration involved the use of **DEFENDANT DARCEL GARDNER's** social security number. |
| 49 | 04.22.2009 | **DEFENDANT DARCEL GARDNER** obtained a Postal Money Order in the amount of $1,000.00 that was provided to **DEFENDANT CLARENCE MUMFORD** and deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 50 | 04.22.2009 | **DEFENDANT DARCEL GARDNER** mailed a $1,000 Postal Money Order and her driver's license to **DEFENDANT CLARENCE MUMFORD**. |
| 51 | 04.25.2009 | A test-taker sent by **DEFENDNAT CLARENCE MUMFORD** took a PRAXIS examination on behalf of **DEFENDANT DARCEL GARDNER**. |

j.   Overt acts related to **DEFENDANT VALERIE HUMPHREY** include the following acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 52 | 04.25.2009 | Sometime in approximation to but before this date, **DEFENDANT VALERIE HUMPHREY** or someone acting on her behalf registered online for a PRAXIS examination to be taken on April 25, 2009 in her name by a test-taker sent by **DEFENDANT CLARENCE MUMFORD**. The registration involved the use of **DEFENDANT VALERIE HUMPHREY'S** social security number. |
| 53 | 04.25.2009 | JB took a PRAXIS examination on behalf of **DEFENDANT VALERIE HUMPHREY.** To take the examination, JB presented a driver's license with his own picture and **DEFENDANT VALERIE HUMPHREY's** name and identifying information. |

k.   Overt acts related to an individual referred to hereinafter as "JS" include the following acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 54 | 04.25.2009 | Sometime in approximation to but before this date, **DEFENDANT CLARENCE MUMFORD** obtained CS and JS's driver's licenses. **DEFENDANT CLARENCE MUMFORD** used the driver's licenses to create a false identification with JS's name and identifying information, and CS's photograph. |
| 55 | 04.25.2009 | JS or someone acting on JS's behalf registered online for a PRAXIS examination to be taken on April 25, 2009 in JS's name by a test-taker sent by **DEFENDANT CLARENCE MUMFORD**. The registration involved the use of JS's social security number. |
| 56 | 04.25.2009 | CS took a PRAXIS examination on behalf of JS. To take the examination, CS presented a driver's license with his own picture and JS's name and identifying information. |
| 57 | 04.25.2009 | CS took a second PRAXIS examination on behalf of JS. To take the examination, CS presented a driver's |

18

| | | |
|---|---|---|
| | | license with his own picture and JS's name and identifying information. |
| 58 | 06.13.2009 | JS or someone acting on JS's behalf registered online for a PRAXIS examination to be taken on June 13, 2009 in JS's name by a test-taker sent by **DEFENDANT CLARENCE MUMFORD. DEFENDANT CLARENCE MUMFORD'S** credit card was used to pay for the registration. The registration involved the use of JS's social security number. |
| 59 | 06.13.2009 | CS took a PRAXIS examination on behalf of JS. To take the examination, CS presented a driver's license with his own picture and JS's name and identifying information. |

l.    Overt acts related to **DEFENDANT SAMUEL CAMPBELL** include the following acts on or about the dates listed below:

| | | |
|---|---|---|
| 60 | 04.25.2009 | Sometime in approximation to but before this date, **DEFENDANT SAMUEL CAMPBELL** or someone acting on his behalf registered online for a PRAXIS examinations to be taken on June 10, 2009 in his name by a test-taker sent by **DEFENDANT CLARENCE MUMFORD**. The registration involved the use of **DEFENDANT SAMUEL CAMPBELL'S** social security number. |
| 61 | 04.25.2009 | JB took a PRAXIS examination on behalf of **DEFENDANT SAMUEL CAMPBELL**. |

m.    Overt acts related to an individual referred to hereinafter as "EB" include the following acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 62 | 06.13.2009 | EB or someone acting on EB's behalf registered online for a PRAXIS examination to be taken on June 13, 2009 in EB's name by a test-taker sent by **DEFENDANT CLARENCE MUMFORD. DEFENDANT CLARENCE MUMFORD'S** credit card was used to pay for the registration. The registration involved the use of EB's social security number. |

| | | |
|---|---|---|
| 63 | 06.13.2009 | Sometime in approximation to but before this date, **DEFENDANT CLARENCE MUMFORD** obtained CS and EB's driver's licenses. **DEFENDANT CLARENCE MUMFORD** used the driver's licenses to create a false identification with EB's name and identifying information, and CS's photograph. |
| 64 | 06.13.2009 | CS took a PRAXIS examination on behalf of EB. To take the examination, CS presented a driver's license with his own picture and EB's name and identifying information. |
| 65 | 06.13.2009 | Sometime in approximation to but before this date, **DEFENDANT CLARENCE MUMFORD** assisted and provided instructions to EB in registering for a PRAXIS examination to be taken at Arkansas State University in Session I, June 13, 2009. The registration involved the use of EB's social security number. |
| 66 | 06.13.2009 | Sometime in approximation to but before this date, **DEFENDANT CLARENCE MUMFORD** obtained JB and EB's driver's licenses. **DEFENDANT CLARENCE MUMFORD** used the driver's licenses to create a false identification with EB's name and identifying information, and JB's photograph. |
| 67 | 06.13.2009 | JB took a PRAXIS examination on behalf of EB. To take the examination, JB presented a driver's license with his own picture and EB's name and identifying information. |

n.    Overt acts related to an individual referred to hereinafter as "MT" include the following acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 68 | 04.25.2009 | MT or someone acting on MT's behalf registered online for a PRAXIS examination to be taken on April 25, 2009 in MT's name by a test-taker sent by **DEFENDANT CLARENCE MUMFORD**. The registration involved the use of MT's social security number. |
| 69 | 04.25.2009 | Sometime in approximation to but before this date, **DEFENDANT CLARENCE MUMFORD** obtained SS and MT's driver's licenses. **DEFENDANT** |

| | | |
|---|---|---|
| | | **CLARENCE MUMFORD** used the driver's licenses to create a false identification with MT's name and identifying information, and SS's photograph. |
| 70 | 04.25.2009 | SS took a PRAXIS examination on behalf of MT. To take the examination, SS presented a driver's license with her own picture and MT's name and identifying information. |
| 71 | 04.25.2009 | SS took a second PRAXIS examination on behalf of MT. To take the examination, SS presented a driver's license with her own picture and MT's name and identifying information. |
| 72 | 06.13.2009 | MT or someone acting on MT's behalf registered online for a PRAXIS examination to be taken at Arkansas State University in Session I, June 13, 2009. The registration involved the use of MT's social security number. |
| 73 | 06.13.2009 | SS took a PRAXIS examination on behalf of MT. To take the examination, SS presented a driver's license with her own picture and MT's name and identifying information. |
| 74 | 06.13.2009 | MT or someone acting on MT's behalf registered online for a PRAXIS examination to be taken at Arkansas State University in Session II, June 13, 2009. The registration involved the use of MT's social security number. |
| 75 | 06.13.2009 | Sometime in approximation to but before this date, **DEFENDANT CLARENCE MUMFORD** obtained JB and MT's driver's licenses. **DEFENDANT CLARENCE MUMFORD** used the driver's licenses to create a false identification with MT's name and identifying information, and JB's photograph. |
| 76 | 06.13.2009 | JB took a PRAXIS examination on behalf of MT. To take the examination, JB presented a driver's license with his own picture and MT's name and identifying information. |

o.   Overt acts related to an individual referred to hereinafter as "KC" include the following acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 77 | 10.13.2009 | KC obtained a United States Postal Service Money Order in the amount of $650.00 that was provided to **DEFENDANT CLARENCE MUMFORD** and deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 78 | 10.13.2009 | KC obtained a United States Postal Service Money Order in the amount of $1,000.00 that was provided to **DEFENDANT CLARENCE MUMFORD** and deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 79 | 11.30.2009 | KC obtained a United States Postal Service Money Order in the amount of $1,000.00 that was provided to **DEFENDANT CLARENCE MUMFORD** and deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 80 | 11.30.2009 | KC obtained a United States Postal Service Money Order in the amount of $1,000.00 that was provided to **DEFENDANT CLARENCE MUMFORD** and deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 81 | 11.30.2009 | KC obtained a United States Postal Service Money Order in the amount of $500.00 that was provided to **DEFENDANT CLARENCE MUMFORD** |
| 82 | 12.11.2009 | KC sent a mailing to **DEFENDANT CLARENCE MUMFORD.** |
| 83 | 01.07.2010 | KC sent items to **DEFENDANT CLARENCE MUMFORD** via Delta Bus Lines. |
| 84 | 02.09.2010 | KC sent a mailing to **DEFENDANT CLARENCE MUMFORD.** |

p.   Overt acts related to **DEFENDANT SARAH RICHARD** include the following acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 85 | 12.29.2009 | **DEFENDANT SARAH RICHARD** obtained a $250 |

| | | Trustmark official check payable to **DEFENDANT CLARENCE MUMFORD** that was deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
|---|---|---|
| 86 | 03.10.2010 | **DEFENDANT SARAH RICHARD** obtained a $2,300 Trustmark official check payable to **DEFENDANT CLARENCE MUMFORD** that was deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 87 | 03.11.2010 | **DEFENDANT SARAH RICHARD** obtained a $450 Trustmark official check payable to **DEFENDANT CLARENCE MUMFORD** that was deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 88 | 05.07.2010 | A test-taker hired by **DEFENDANT CLARENCE MUMFORD** took a PRAXIS examination on behalf of **DEFENDANT SARAH RICHARD.** |

q. Overt acts related to an individual referred to hereinafter as "GK" include the following acts on or about the dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 89 | 01.15.2010 | GK obtained a cashier's check in the amount of $3,000.00 that he sent to **DEFENDANT CLARENCE MUMFORD.** |
| 90 | 03.12.2010 | GK sent a Western Union Money Order in the amount of $500.00 that was deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 91 | 03.12.2010 | GK sent a Western Union Money Order in the amount of $250.00 that was deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 92 | 03.13.2010 | **DEFENDANT CLARENCE MUMFORD** arranged for an individual other than GK to take a PRAXIS examination for GK at Rust College in Holly Springs, Mississippi. |
| 93 | 09.17.2010 | Sometime before this date, **DEFENDANT CLARENCE MUMFORD** obtained GK's and **DEFENDNAT STEVE HOLMES'** driver's licenses. **DEFENDANT CLARENCE MUMFORD** used the driver's licenses to create a false identification with GK's name and identifying information, and **DEFENDANT STEVE HOLMES'** photograph. |

r.    Overt acts related to **DEFENDANT JADICE MOORE** include the following acts

on or about the dates or ranges of dates listed below:

| Overt Act No. | Date | Act |
|---|---|---|
| 94 | 03.02.2010 | **DEFENDANT JADICE MOORE** obtained a $3,000 BancorpSouth official check payable to **DEFENDANT CLARENCE MUMFORD** that was deposited into **DEFENDANT CLARENCE MUMFORD'S** SunTrust bank account. |
| 95 | 06.10.2010 | A test-taker hired by **DEFENDANT CLARENCE MUMFORD** took a PRAXIS examination on behalf of **DEFENDANT JADICE MOORE.** |
| 96 | 07.29.2010 | A test-taker hired by **DEFENDANT CLARENCE MUMFORD** took a PRAXIS examination on behalf of **DEFENDANT JADICE MOORE.** |

All in violation of Title 18, United States Code, Section 371.

[nmt 5 yrs,  nmt $250,000.00, or both, and nmt 3 yrs  supervised
release together with a mandatory special assessment of $100.00,
see 18 U.S.C. § 3013(a)]

## COUNTS 2-8

1.    The allegations contained in paragraphs 1(a) through and including 1(p) of Count 1 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.    On or about each of the following dates or ranges of dates, in the Western District of Tennessee, the defendant,

-------------------------------------------- **CLARENCE MUMFORD** --------------------------------------------

being aided and abetted others known and unknown to the Grand Jury, and, where indicated being aided and abetted by **DEFENDANT STEVE HOLMES** and **DEFENDANT JERYL SHAW,** did knowingly and without lawful authority produce the identification documents, authentication features and false identification documents described below, the production of each of which was in and affected interstate commerce and each of which was a driver's license:

| Count | Date | Item |
|-------|------|------|
| 2 | Between on or about 12.01.2009 and 09.17.2010 | Fraudulent Mississippi driver's license containing the name, address and driver's license number of GK and the photograph of **DEFENDANT STEVE HOLMES,** aided and abetted by **DEFENDANT STEVE HOLMES.** |
| 3 | Between on or about 12.01.2009 and 09.17.2010 | Fraudulent Mississippi driver's license containing the name, address and driver's license number of FT and the photograph of **DEFENDANT STEVE HOLMES,** aided and abetted by **DEFENDANT STEVE HOLMES.** |
| 4 | Between on or about 10.13.2009 and 09.17.2010 | Fraudulent Mississippi driver's license containing the name, address and driver's license number of KC and the photograph of **DEFENDANT JERYL SHAW,** aided and abetted by **DEFENDANT JERYL SHAW.** |
| 5 | 01.02.2010 | Fraudulent Mississippi driver's license containing the name, address and driver's license of number of DA and the photograph of FK |
| 6 | 01.02.2010 | Fraudulent Mississippi driver's license containing the name, address and driver's license number of JH and the photograph of SS |

| Count | Date | Item |
|-------|------|------|
| 7 | 04.24.2010 | Fraudulent Tennessee driver's license containing the name, address and driver's license number of TS and the photograph of ML |
| 8 | 04.24.2010 | Fraudulent Tennessee driver's license containing the name, address and driver's license number of ML and the photograph of TS |

All in violation of Title 18, United States Code, Section 1028(a)(1) and, for Counts 2 through 4,

Title 18, United States Code, Section 2.

[as to each count, nmt 15 yrs; $250,000; or both, plus nmt 3 yrs supervised release, together with a mandatory special assessment of $100, see 18 U.S.C. § 3013(a)]

## COUNTS 9-12

1.      The allegations contained in paragraphs 1(a) through and including 1(p) of Count 1 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.      On or about each of the following dates, in the Western District of Tennessee, the defendant,

-------------------------------------------- **CLARENCE MUMFORD** --------------------------------------------

being aided and abetted by each other and by others known and unknown to the Grand Jury, and, where indicated being aided and abetted by **DEFENDANT JACKLYN MCKINNIE**, did knowingly transfer the following identification documents, authentication features and false identification documents, knowing that each was produced without lawful authority, each of which was in and affected interstate commerce and each of which was a driver's license:

| Count | Date | Item |
|-------|------|------|
| 9 | 11.17.2007 | Fraudulent Tennessee driver's license containing the name, address and driver's license number of **DEFENDANT JACKLYN MCKINNIE** and the photograph of JB, aided and abetted by **DEFENDANT JACKLYN MCKINNIE.** |
| 10 | 12.15.2009 | Fraudulent Mississippi driver's license containing the name, address and driver's license number of KC and the photograph of JS |
| 11 | 01.02.2010 | Fraudulent Mississippi driver's license containing the name, address and driver's license of number of DA and the photograph of FK |
| 12 | 01.02.2010 | Fraudulent Mississippi driver's license containing the name, address and driver's license number of JH and the photograph of SS |

All in violation of Title 18, United States Code, Section 1028(a)(2) and, for Count 9, Title 18, United States Code, Section 2.

[as to each count, nmt 15 yrs; $250,000; or both, plus nmt 3 yrs supervised release, together with a mandatory special assessment of $100, see 18 U.S.C. § 3013(a)]

## COUNT 13

1.    The allegations contained in paragraphs 1(a) through and including 1(p) of Count 1 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.    Beginning on or about December 15, 2009 and continuing until at least on or about September 17, 2010, in the Western District of Tennessee, the defendant,

---------------------------------------------- CLARENCE MUMFORD ------------------------------------------

in a manner affecting interstate commerce, knowingly possessed document-making implements, that is, a computer, sheets of clear laminate material and squares of laminate material cut to the dimensions of a state identification card and driver's license, with the intent that such document-making implements be used in the production of false identification documents, all in violation of Title 18, United States Code, Section 1028(a)(5).

> [nmt 15 yrs; nmt $250,000 fine, or both; nmt 3 yrs supervised release; $100 mandatory special assessment, see 18 U.S.C. § 3013(a)]

## COUNTS 14-20

1.      The allegations contained in paragraphs 1(a) through and including 1(p) of Count 1 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.      On or about each of the following dates or ranges of dates, in the Western District of Tennessee, the defendant,

----------------------------------------------- CLARENCE MUMFORD -----------------------------------------

being aided and abetted by each other and by others known and unknown to the Grand Jury, and, where indicated being aided and abetted by **DEFENDANT DANTE DOWERS** and **DEFENDANT SARAH RICHARD**, did knowingly possess and use in or affecting interstate commerce, without lawful authority, means of identification of others, that is, the names and driver's license numbers of the individuals identified below by their name or initials, with the intent to commit unlawful activities that constitute violations of federal law, that is, mail and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, and social security fraud, in violation of Title 42, United States Code, Section 408(a)(7)(B), said use affecting interstate commerce and resulting in the obtaining of funds in excess of $1,000 for each count:

| Count | Date | Individual | Means of Identification |
|-------|------|------------|-------------------------|
| 14 | 01.10.2009 | FJ | Driver's license, containing photograph and driver's license number |
| 15 | 12.15.2009 | KC | Driver's license, containing photograph and driver's license number |
| 16 | Between on or about 12.29.2009 and 05.07.2010 | **DEFENDANT SARAH RICHARD** | Driver's license, containing photograph and driver's license number, aided and abetted by **DEFENDANT SARAH RICHARD** |
| 17 | 01.02.2010 | DA | Driver's license, containing photograph and driver's license number |
| 18 | 01.02.2010 | JH | Driver's license, containing photograph and driver's license number |

| Count | Date | Individual | Means of Identification |
|-------|------|------------|-------------------------|
| 19 | 03.01.2010 | GK | Driver's license, containing photograph and driver's license number |
| 20 | 07.08.2010 | FT | Driver's license, containing photograph and driver's license number, aided and abetted by **DEFENDANT DANTE DOWERS** |

All in violation of Title 18, United States Code, Section 1028(a)(7) and, for Count 16 and Count 20, Title 18, United States Code, Section 2.

[as to each count, nmt 15 yrs; $250,000; or both, plus nmt 3 yrs supervised release, together with a mandatory special assessment of $100, see 18 U.S.C. § 3013(a)]

**COUNTS 21-32**

1.    The allegations contained in paragraphs 1(a) through and including 1(p) of Count 1 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.    On or about each of the following dates, in the Western District of Tennessee, the defendant,

---------------------------------------------- CLARENCE MUMFORD ----------------------------------------------

being aided and abetted by others known and unknown to the Grand Jury, and, where indicated being aided and abetted by **DEFENDANT DANTE DOWERS**, did knowingly possess, transfer and use, without lawful authority, means of identification of other persons, including names, drivers' licenses, drivers' license numbers, drivers' license photographs, identification cards, identification card numbers, identification card photographs and social security numbers, as set forth below, of the individuals identified below by their name or initials, during and in relation to the commission of felony violations of Title 18, United States Code, Sections 1028(a)(1); 1028(a)(2); 1028(a)(5); 1028(a)(7); 1341 and 1343; and Title 42, United States Code, Section 408(a)(7)(B).

| Count | Date | Individual | Means of Identification |
|-------|------|-----------|------------------------|
| 21 | 01.12.2008 | **DEFENDANT CLARENCE MUMFORD, JR.** | Driver's license, containing photograph and driver's license number |
| 22 | 01.12.2008 | JB | Identification card, containing photograph and identification card number |
| 23 | 01.10.2009 | FJ | Driver's license, containing photograph and driver's license number |
| 24 | 06.13.2009 | CS | Driver's license, containing photograph and driver's license number |
| 25 | 12.15.2009 | KC | Driver's license, containing photograph and driver's license number |

| Count | Date | Individual | Means of Identification |
|---|---|---|---|
| 26 | 01.02.2010 | DA | Driver's license, containing photograph and driver's license number |
| 27 | 01.02.2010 | FK | Driver's license, containing photograph and driver's license number |
| 28 | 01.02.2010 | JH | Driver's license, containing photograph and driver's license number |
| 29 | 01.02.2010 | JH | Social Security number |
| 30 | 01.02.2010 | SS | Driver's license, containing photograph and driver's license number |
| 31 | 03.01.2010 | GK | Driver's license, containing photograph and driver's license number |
| 32 | 07.08.2010 | FT | Social Security number and driver's license, containing photograph and driver's license number, aided and abetted by **DEFENDANT DANTE DOWERS** |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and, for Count 32, Title 18, United States Code, Section 2.

> [mandatory 2 yrs imprisonment (consecutive to any other term of imprisonment); nmt $250,000 fine, or both; nmt 1 yr supervised release; $100 mandatory special assessment, see 18 U.S.C. § 3013(a)]

## COUNTS 33-39

1.      The allegations contained in paragraphs 1(a) through and including 1(p),   and

paragraphs 4(a) through and including 4(i) of Count 1 of this Indictment are re-alleged and

incorporated by reference as if fully set forth herein.

2.      It was further a part of the scheme and artifice to defraud that **DEFENDANT**

**CLARENCE MUMFORD**, being aided and abetted by others known and unknown to the Grand

Jury, and, where indicated being aided and abetted by **DEFENDANT SARAH RICHARD**, for

the purpose of executing and attempting to execute the aforementioned scheme and artifice to

defraud, and to obtain money and property by means of false and fraudulent pretenses and

representations – did on or about each of the following dates knowingly cause to be delivered

by mail according to the directions thereon the items described below, with each mailing a

separate count:

| Count | Date | Description of Mailing |
|-------|------|------------------------|
| 33 | 12.11.2009 | **DEFENDANT CLARENCE MUMFORD** caused KC to send him a mailing to 2083 Hornsby Cove, Memphis, Tennessee 38116. |
| 34 | 12.29.2009 | **DEFENDANT CLARENCE MUMFORD** caused DA to send him a mailing to 2083 Hornsby Cove, Memphis, Tennessee 38116. |
| 35 | 12.29.2009 | **DEFENDANT CLARENCE MUMFORD**, aided and abetted by **DEFENDANT SARAH RICHARD**, caused **DEFENDANT SARAH RICHARD** to send him a mailing to 2083 Hornsby Cove, Memphis, Tennessee 38116. |
| 36 | 12.30.2009 | **DEFENDANT CLARENCE MUMFORD** caused JH to send him a mailing to 2083 Hornsby Cove, Memphis, Tennessee 38116. |
| 37 | 02.09.2010 | **DEFENDANT CLARENCE MUMFORD** caused KC to send him a mailing to 2083 Hornsby Cove, Memphis, Tennessee 38116. |
| 38 | 03.10.2010 | **DEFENDANT CLARENCE MUMFORD**, aided and abetted by **DEFENDANT SARAH RICHARD**, caused **DEFENDANT SARAH RICHARD** to send him a mailing to 2083 Hornsby Cove, Memphis, Tennessee 38116. |

| 39 | 04.10.2009 | **DEFENDANT CLARENCE MUMFORD** caused FJ to send him a mailing to 2083 Hornsby Cove, Memphis, Tennessee 38116. |

All in violation of Title 18, United States Code, Section 1341 and, for Counts 35 and 38, Title 18,

United States Code, Section 2.

[nmt 20 yrs, nmt $250,000 fine, nmt 3 yrs supervised release, and
mandatory assessment of $100 pursuant to 18 U.S.C. § 3013]

## COUNTS 40-54

1.     The allegations contained in paragraphs 1(a) through and including 1(p),     and

paragraphs 4(a) through and including 4(i) of Count 1 of this Indictment are re-alleged and

incorporated by reference as if fully set forth herein.

2.     On or about each of the following dates, for the purpose of executing and attempting to

execute the aforementioned scheme and artifice to defraud, and to obtain money by means of

false and fraudulent pretenses and representations, **DEFENDANT CLARENCE MUMFORD,**

being aided and abetted by others known and unknown to the Grand Jury, and, where indicated

being aided and abetted by **DEFENDANT SAMUEL CAMPBELL, DEFENDANT DANTE**

**DOWERS, DEFENDANT VALERIE HUMPHREY, DEFENDANT JACKLYN MCKINNIE,** and

**DEFENDANT SARAH RICHARD,** did cause to be transmitted in interstate commerce by means

of wire communications, certain signs, signals and sounds more specifically described below:

| Count | Date | Description of Wire |
|-------|------|---------------------|
| 40 | 10.24.2007 | Internet registration on behalf of **DEFENDANT JACKLYN MCKINNIE** for a PRAXIS examination to be taken on November 17, 2007, aided and abetted by **DEFENDANT JACKLYN MCKINNIE.** |
| 41 | 12.21.2007 | Internet registration on behalf of **DEFENDANT CLARENCE MUMFORD, JR.** for a PRAXIS examination to be taken on January 8, 2008 at the University of Mississippi. |
| 42 | 01.02.2009 | Internet registration on behalf of FJ for a PRAXIS examination to be taken on January 10, 2009 at East Arkansas Community College. |
| 43 | 03.26.2009 | Internet registration on behalf of JH for a PRAXIS examination to be taken on April 25, 2009. |
| 44 | 04.02.2009 | Internet registration on behalf of **DEFENDANT VALERIE HUMPHREY** for a PRAXIS examination to be taken on April 25, 2009, aided and abetted by **DEFENDANT VALERIE HUMPHREY.** |

| 45 | 04.02.2009 | Internet registration on behalf of DA for a PRAXIS examination to be taken on April 25, 2009. |
|----|-----------|---------------------------------------------------------------------------------------------------|
| 46 | 05.14.2009 | Internet registration on behalf of EB for a PRAXIS examination to be taken on January 9, 2010 at Arkansas State University – Jonesboro. |
| 47 | 05.29.2009 | Internet registration on behalf of MT for a PRAXIS examination to be taken on January 9, 2010 at Arkansas State University – Jonesboro. |
| 48 | 06.10.2009 | Internet registration on behalf of **DEFENDANT SAMUEL CAMPBELL** for a PRAXIS examination to be taken on June 10, 2009, aided and abetted by **DEFENDANT SAMUEL CAMPBELL.** |
| 49 | 12.10.2009 | Internet registration on behalf of DA for a PRAXIS examination to be taken on January 9, 2010. |
| 50 | 12.10.2009 | Internet registration on behalf of KC for a PRAXIS examination to be taken on January 9, 2010. |
| 51 | 12.10.2009 | Internet registration on behalf of JH for a PRAXIS examination to be taken on January 9, 2010. |
| 52 | 02.01.2010 | Internet registration on behalf of GK for a PRAXIS examination to be taken on March 13, 2010 at Jackson State University in Mississippi. |
| 53 | 05.05.2010 | Internet registration on behalf of **DEFENDANT SARAH RICHARD** for a PRAXIS examination to be taken on May 7, 2010, aided and abetted by **DEFENDANT SARAH RICHARD.** |
| 54 | 07.07.2010 | Internet registration on behalf of FT for a PRAXIS examination to be taken on July 8, 2010, aided and abetted by **DEFENDANT DANTE DOWERS.** |

All in violation of Title 18, United States Code, Section 1343 and, for Counts 40, 44, 48, 53 and

54, Title 18, United States Code, Section 2.

[nmt 20 yrs, nmt $250,000 fine, nmt 3 yrs supervised release, and
mandatory assessment of $100 pursuant to 18 U.S.C. § 3013]

## COUNTS 55-58

1.    The allegations contained in paragraphs 1(a) through and including 1(p) of Count 1 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.    On or about each of the following dates, within the Western District of Tennessee and elsewhere, the defendant,

-------------------------------------------------- CLARENCE MUMFORD --------------------------------------------------

being aided and abetted by others known and unknown to the Grand Jury, , and for the purpose of obtaining something of value and for other purposes, knowingly, willfully and with the intent to deceive, falsely and fraudulently represented, and caused to be represented the following:

| Count | Date | Representation |
|-------|------|----------------|
| 55 | 01.12.2008 | JB falsely and fraudulently represented on a PRAXIS examination form that his Social Security Account Number was xxx-xx-7750 when, in fact, this Social Security Account Number was assigned to **DEFENDANT CLARENCE MUMFORD, JR.** |
| 56 | 04.25.2009 | CS falsely and fraudulently represented on a PRAXIS examination form labeled "4452615" that his Social Security Account Number was xxx-xx-2606 when, in fact, this Social Security Account Number was assigned to JS. |
| 57 | 04.25.2009 | CS falsely and fraudulently represented on a PRAXIS examination form for a geography test that his Social Security Account Number was xxx-xx-2606 when, in fact, this Social Security Account Number was assigned to JS. |
| 58 | 06.13.2009 | CS falsely and fraudulently represented on a PRAXIS examination form that his Social Security Account Number was xxx-xx-2606 when, in fact, this Social Security Account Number was assigned to JS. |

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

[as to each count, nmt 5 yrs,  nmt $250,000.00, or both, and nmt 3 yrs    supervised release together with a mandatory special assessment of $100.00, see 18 U.S.C. § 3013(a)]

## COUNT 59

1.    Beginning on a date unknown to the Grand Jury but sometime on or before June 29, 2011, and continuing at least until on or about June 29, 2011, in the Western District of Tennessee, the defendants,

------------------------------------------- **CLARENCE MUMFORD** -------------------------------------------
**and**
------------------------------------------- **CLARENCE MUMFORD, JR.** -------------------------------------------

being aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud the Tennessee Department of Education and the Memphis City Schools and to obtain money and property by means of materially false and fraudulent pretenses and representations, knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made.

2.    The scheme and artifice to defraud and to obtain money and property was in substance that **DEFENDANT CLARENCE MUMFORD** arranged for JB to take a "Principles of Learning and Teaching" PRAXIS examination on behalf of **DEFENDANT CLARENCE MUMFORD, JR.** – a current Memphis City Schools teacher – on or about January 12, 2008 at the University of Mississippi. JB passed the examination, which was a necessary prerequisite for a Tennessee professional teacher's license. **DEFENDANT CLARENCE MUMFORD, JR.** had obtained an alternative license on or about December 11, 2008. The alternative license was converted to a transitional license on or about February 2, 2010. **DEFENDANT CLARENCE MUMFORD, JR.** later progressed to an apprentice license on or about December 15, 2010 and, ultimately, a professional license on or about August 5, 2011. He would not have obtained the professional

license without the test taken by JB, and arranged for by **DEFENDANT CLARENCE MUMFORD**. Furthermore, without a license, he would not have been eligible for his Memphis City Schools teaching contract and the money and benefits that accompany the contract.

3.     It was further a part of the scheme and artifice to defraud and to obtain money and property that, on or about June 29, 2011, **DEFENDANT CLARENCE MUMFORD** and **DEFENDANT CLARENCE MUMFORD, JR.**, being aided and abetted by each other, and for the purpose of executing and attempting to execute the aforementioned scheme and artifice, did knowingly cause to be delivered by mail according to the direction thereon teacher licensing application paperwork sent by the Memphis City Schools to the Tennessee Department of Education, in violation of Title 18, United States Code, Sections 2 and 1341.

> [nmt 20 yrs.; nmt $250,000; or both, plus nmt 3 yrs. supervised release, together with a mandatory special assessment of $100.00, see 18 U.S.C. § 3013(a)]

## COUNT 60

1.     Beginning on a date unknown to the Grand Jury but sometime on or before June 2, 2010, and continuing at least until on or about June 9, 2011, in the Western District of Tennessee and elsewhere, the defendants,

--------------------------------------------- CLARENCE MUMFORD ---------------------------------------------
and
--------------------------------------------- JADICE MOORE ---------------------------------------------

being aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud the Mississippi Department of Education and the Claiborne County School District and to obtain money and property by means of materially false and fraudulent pretenses and representations, knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made.

2.     The scheme and artifice to defraud and to obtain money and property was in substance that **DEFENDANT CLARENCE MUMFORD** arranged for a test-taker to take a PRAXIS "Pre-Professional Skills Test" in reading and in mathematics on behalf of **DEFENDANT JADICE MOORE** – a current teacher at Port Gibson Middle School – on or about June 10, 2010. **DEFENDANT CLARENCE MUMFORD** also arranged for a test-taker to take a PRAXIS "Pre-Professional Skills Test" in writing on behalf of **DEFENDANT JADICE MOORE** on or about July 29, 2010. The examinations, which were necessary prerequisites for a Mississippi teacher's license, were passed and submitted to the Mississippi Department of Education. Based in part on these scores, the Mississippi Department of Education issued a license to **DEFENDANT JADICE MOORE** to teach physical education on or about June 9, 2011. He would not have

obtained the license without the tests arranged for by **DEFENDANT CLARENCE MUMFORD**. Furthermore, without a license, he would not have been eligible for his Port Gibson Middle School teaching contract and the money and benefits that accompany the contract.

3.     It was further a part of the scheme and artifice to defraud and to obtain money and property that, on or about June 9, 2011, **DEFENDANT CLARENCE MUMFORD** and **DEFENDANT JADICE MOORE**, being aided and abetted by each other, and for the purpose of executing and attempting to execute the aforementioned scheme and artifice, did knowingly cause to be delivered by mail according to the direction thereon a teacher's license sent by the Mississippi Department of Education to **DEFENDANT JADICE MOORE**, in violation of Title 18, United States Code, Sections 2 and 1341.

> [nmt 20 yrs.; nmt $250,000; or both, plus nmt 3 yrs. supervised release, together with a mandatory special assessment of $100.00, see 18 U.S.C. § 3013(a)]

## COUNT 61

1.     Beginning on a date unknown to the Grand Jury but sometime on or before January 15, 2009, and continuing at least until on or about November 21, 2011, in the Western District of Tennessee and elsewhere, the defendants,

-------------------------------------------- **CLARENCE MUMFORD** --------------------------------------------
**and**
-------------------------------------------- **KIMBERLY TAYLOR** --------------------------------------------

being aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud the Mississippi Department of Education and the East Tallahatchie School District and to obtain money and property by means of materially false and fraudulent pretenses and representations, knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made.

2.     The scheme and artifice to defraud and to obtain money and property was in substance that **DEFENDANT CLARENCE MUMFORD** arranged for SS to take PRAXIS examinations on behalf of **DEFENDANT KIMBERLY TAYLOR**, a current teacher at Charleston Elementary School in Charleston, Mississippi. On or about January 15, 2009, SS took a PRAXIS "Pre-Professional Skills Test" in reading and in writing and in mathematics on behalf of **DEFENDANT KIMBERLY TAYLOR.** On or about March 14, 2009, SS took a PRAXIS examination in Elementary Education: Content Knowledge on behalf of **DEFENDANT KIMBERLY TAYLOR.** The examinations, which were necessary prerequisites for a Mississippi teacher's license, were passed and submitted to the Mississippi Department of Education. Based in part on these scores, the Mississippi Department of Education issued a license to **DEFENDANT KIMBERLY**

**TAYLOR** to teach elementary education and social studies on or about November 21, 2011. She would not have obtained the license without the tests taken by SS. Furthermore, without a license, she would not have been eligible for her Charleston Elementary School teaching contract and the money and benefits that accompany the contract.

3.    It was further a part of the scheme and artifice to defraud and to obtain money and property that, on or about November 21, 2011, **DEFENDANT CLARENCE MUMFORD** and **DEFENDANT KIMBERLY TAYLOR**, being aided and abetted by each other, and for the purpose of executing and attempting to execute the aforementioned scheme and artifice, did knowingly cause to be delivered by mail according to the direction thereon a teacher's license sent by the Mississippi Department of Education to **DEFENDANT KIMBERLY TAYLOR**, in violation of Title 18, United States Code, Sections 2 and 1341.

> [nmt 20 yrs.; nmt $250,000; or both, plus nmt 3 yrs. supervised release, together with a mandatory special assessment of $100.00, see 18 U.S.C. § 3013(a)]

## COUNT 62

1.    Beginning on a date unknown to the Grand Jury but sometime on or before January 28, 2008, and continuing at least until on or about June 21, 2011, in the Western District of Tennessee and elsewhere, the defendants,

-------------------------------------------- **CLARENCE MUMFORD** --------------------------------------------
**and**
-------------------------------------------- **CARLO MCCLELLAND** --------------------------------------------

being aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud the Mississippi Department of Education and the Meridian School District and to obtain money and property by means of materially false and fraudulent pretenses and representations, knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made.

2.    The scheme and artifice to defraud and to obtain money and property was in substance that **DEFENDANT CLARENCE MUMFORD** arranged for JB to take a PRAXIS "Pre-Professional Skills Test" in reading and in writing on behalf of **DEFENDANT CARLO MCCLELLAND** – a current teacher in the Meridian School District – on or about January 28, 2008. **DEFENDANT CLARENCE MUMFORD** also arranged for a test-taker to take a PRAXIS Elementary Education examination on behalf of **DEFENDANT CARLO MCCLELLAND** on or about April 25, 2009  The examinations, which were necessary prerequisites for a Mississippi teacher's license, were passed and submitted to the Mississippi Department of Education. Based in part on these scores, the Mississippi Department of Education issued a license to **DEFENDANT CARLO MCCLELLAND** on or about June 21, 2011. He would not have obtained the license without the tests arranged for by **DEFENDANT CLARENCE MUMFORD**.

Furthermore, without a license, he would not have been eligible for his Port Gibson Middle School teaching contract and the money and benefits that accompany the contract.

3.    It was further a part of the scheme and artifice to defraud and to obtain money and property that, on or about June 21, 2011, **DEFENDANT CLARENCE MUMFORD** and **DEFENDANT CARLO MCCLELLAND**, being aided and abetted by each other, and for the purpose of executing and attempting to execute the aforementioned scheme and artifice, did knowingly cause to be delivered by mail according to the direction thereon a teacher's license sent by the Mississippi Department of Education to **DEFENDANT CARLO MCCLELLAND**, in violation of Title 18, United States Code, Sections 2 and 1341.

> [nmt 20 yrs.; nmt $250,000; or both, plus nmt 3 yrs. supervised release, together with a mandatory special assessment of $100.00, see 18 U.S.C. § 3013(a)]

## COUNT 63

1.      Beginning on a date unknown to the Grand Jury but sometime on or before April 15, 2009, and continuing at least until on or about July 18, 2011, in the Western District of Tennessee and elsewhere, the defendants,

-------------------------------------------- **CLARENCE MUMFORD** --------------------------------------------
**and**
-------------------------------------------- **DARCEL GARDNER** --------------------------------------------

being aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud the Mississippi Department of Education and the Columbus Municipal District and to obtain money and property by means of materially false and fraudulent pretenses and representations, knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made.

2.      The scheme and artifice to defraud and to obtain money and property was in substance that **DEFENDANT CLARENCE MUMFORD** arranged for a test-taker to take a PRAXIS "Biology: Content Knowledge" examination on behalf of **DEFENDANT DARCEL GARDNER** – a current teacher at Columbus High School – on or about April 25, 2009. In furtherance of the scheme, **DEFENDANT DARCEL GARDNER** mailed her driver's license and a $1,000 United States Postal Money Order to **DEFENDANT CLARENCE MUMFORD**. The examination taken on behalf of **DEFENDANT DARCEL GARDNER**, which was a necessary prerequisite for a Mississippi teacher's license in biology, was passed and submitted to the Mississippi Department of Education. Based in part on these scores, the Mississippi Department of Education issued a license to **DEFENDANT DARCEL GARDNER** to teach biology on or about July 18, 2011. She would not have obtained the license without the tests arranged for by

**DEFENDANT CLARENCE MUMFORD**. Furthermore, without the license, she would not have been eligible for her Columbus High School teaching contract and the money and benefits that accompany the contract.

3.      It was further a part of the scheme and artifice to defraud and to obtain money and property that, on or about July 18, 2011, **DEFENDANT CLARENCE MUMFORD** and **DEFENDANT DARCEL GARDNER**, being aided and abetted by each other, and for the purpose of executing and attempting to execute the aforementioned scheme and artifice, did knowingly cause to be delivered by mail according to the direction thereon a teacher's license sent by the Mississippi Department of Education to **DEFENDANT DARCEL GARDNER**, in violation of Title 18, United States Code, Sections 2 and 1341.

> [nmt 20 yrs.; nmt $250,000; or both, plus nmt 3 yrs. supervised release, together with a mandatory special assessment of $100.00, see 18 U.S.C. § 3013(a)]

**A TRUE BILL**

_____
**F O R E P E R S O N**

**DATE:**_____

_____
**EDWARD L. STANTON, III**
**UNITED STATES ATTORNEY**